UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 5: 19-019-DCR |
| V. | ) ) | |
| ROBERTO AVALOS-GALLEGOS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Roberto Avalos Gallegos has filed a *pro se* motion for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. Gallegos also requests that an attorney be appointed to assist him in seeking relief under the amendment. However, because Gallegos clearly is ineligible for relief under the amendment, a response from the government is unnecessary and the relief requested will be denied.

I.

On May 31, 2019, Gallegos pleaded guilty to possessing oxycodone with the intent to distribute it. [Record No. 102] He subsequently was sentenced to 18 months' imprisonment to be followed by three years of supervised release. [Record No. 134] In November 2022, after Gallegos had begun serving his term of supervised release, he was arrested for traffic violations in Montgomery County, Kentucky. Gallegos' file maintained by the Department of Homeland Security identified him as a Mexican National who was previously ordered removed from the United States to Mexico by a Final Administrative Order dated March 12, 2020. Gallegos had not obtained permission to reapply for admission into the United States.

- 1 -

As a result of this conduct, Gallegos was charged in Lexington Criminal Action No. 5: 22-142-DCR with illegal re-entry after removal subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Gallegos pleaded guilty to the charge and was sentenced to 21 months' imprisonment, to be followed by three years of supervised release, on April 26, 2023. [Lexington Criminal No. 5: 22-142, Record No. 26] This conduct also constituted a violation of the terms of Gallegos' supervised release in Lexington Criminal Action No. 5: 19-019. He received a sentence of seven months' imprisonment for the supervised release violation, to run consecutively to the 21-month sentence imposed in Criminal Action No. 5: 22-142.

## II.

Title 18 United States Code section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In considering whether a defendant's sentence should be reduced based on an amendment to the sentencing guidelines, the Court first determines whether the defendant was sentenced based on a guidelines range that has been lowered by a retroactive guidelines amendment. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). If he was, the Court determines whether, and to what extent, a discretionary sentence reduction is appropriate in light of the factors under 18 U.S.C. § 3553(a). *Id.*

### III.

Amendment 821 took effect on November 1, 2023. However, it may apply retroactively to reduce the sentences of defendants who have already been sentenced. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. Part A of Amendment 821 eliminates "status points" for defendants like Gallegos who have six or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e) (2023). Part B decreases the base offense level for defendants who have zero criminal history points, whose offense did not involve specific aggravating factors. *See* U.S.S.G. § 4C1.1 (2023).

Gallegos cannot benefit from the changes effected by Amendment 821 with respect to Lexington Criminal Action No. 5: 19-CR-019 because he has completed serving his original custodial sentence in that matter. Simply put, a sentence imposed upon revocation of supervised release cannot be reduced pursuant to Amendment 821. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, app. n.8(A) ("This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.")[1]

Although Gallegos filed the motion seeking relief in Criminal Action 5: 19-CR-019, the Court also will address Criminal Action No. 5: 22-CR-142 in the interest of construing *pro se* filings liberally. During the sentencing hearing, the Court determined that Gallegos' Total Offense Level of 12 and Criminal History Category of III resulted in an advisory guidelines range of 15 to 21 months' imprisonment. With respect to his criminal history calculation, Gallegos received two "status points" because he committed the instant offense while under a

---

[1] There would be no basis to reduce Gallegos' sentence under Amendment 821 in this case regardless, as he had one criminal history point and was not assigned any "status points" for being under a criminal justice sentence at the time of the commission of the offense.

term of supervised release in 5: 19-CR-019.  However, when those two points are omitted, Gallegos' criminal history score remains four, which still results in a Criminal History Category of III.  Gallegos' advisory guidelines range would not change and, therefore, he is not eligible for a sentence reduction based on the amendment.

Finally, the Court will deny the defendant's request to appoint counsel.  There is no general constitutional right to appointed counsel in post-conviction proceedings, including motions for a sentence reduction under 18 U.S.C. § 3582(c).  *See United States v. Johnson*, Nos. 15-6413/16-5346, 2016 WL 10704239, at *3 (6th Cir. Nov. 21, 2016) (collecting cases); *United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017).  Instead, the Court appoints counsel only when the interests of justice require.  *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  In making this determination, courts consider factors including the difficulty of the case, the movant's ability to present the issues, and whether the movant would have a reasonable chance of success if represented by a lawyer.  *See, e.g., Taylor v. Knight*, 223 F. App'x 503, 504 (7th Cir. May 3, 2007) (unpublished).  As explained above, the issues presented are straightforward and the appointment of counsel is not necessary.  Accordingly, based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The defendant's motion for a sentence reduction and appointment of counsel [Record No. 202] is **DENIED**.

2. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Lexington Criminal Action No. 5: 22-CR-142.

Dated: April 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky